# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS DEFERRED SAVINGS )
FUND, TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS )
APPRENTICESHIP FUND, TRUSTEES OF )
THE CHICAGO PAINTERS AND )
DECORATORS SCHOLARSHIP FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS JOINT COOPERATION )
TRUST FUND AND TRUSTEES OF THE )
CHICAGO PAINTERS AND DECORATORS )
RETIREMENT SAVINGS FUND, )
)
               *Plaintiffs,* )    Case No. 26-cv-4400
)
    v. )
)
C.C.E. ENTERPRISES LLC )
an Illinois Corporation )
)
               *Defendant.* )

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, C.C.E. ENTERPRISES LLC, by and through its attorneys, Allocco, Miller

& Cahill, P.C., Answers Plaintiffs,' Complaint as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement

Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C.

Section 1331. Jurisdiction is also founded on the Labor Management Relations Act, 29 U.S.C.

Section 185, et seq, and federal common law.

**ANSWER**: Defendant admits the allegations in Paragraph 1.

1

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

**ANSWER**: Defendant admits the allegations in Paragraph 2.

### THE PARTIES

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, JOINT COOPERATION TRUST FUNDS and RETIREMENT SAVING FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(l).

**ANSWER**: Defendant admits the allegations in Paragraph 3.

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

**ANSWER**: Defendant admits the allegations in Paragraph 4.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, et seq., as amended, ERISA, 29 U.S.C. Section 1001, et seq., and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

**ANSWER**: Defendant admits the allegations in Paragraph 5.

6. Defendant C.C.E. ENTERPRISES LLC ("C.C.E."), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about September 3, 2020 whereby C.C.E. agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.

**ANSWER**: Defendant denies it agreed to be bound by subsequent agreements negotiated between the Union and certain employee associations, and admits the remaining allegations in Paragraph 6.

## THE AGREEMENTS

7. Pursuant to the provisions of the Labor Agreements, C.C.E. was required to make periodic contributions to the Funds for each employee employed during that month. In the event that contributions were not paid on a timely basis, the Trust Agreements provides that the employer must pay liquidated damages as follows: (1) ten percent (10%) of the delinquent contributions for the first month that contributions are late in a calendar year; and fifteen percent (15%) of the delinquent contributions for each successive month in the same calendar year.

**ANSWER**: Defendant admits the allegations in Paragraph 7.

8.     Under the terms of the Labor Agreement and Trust Agreement to which it was bound, C.C.E. was required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not C.C.E. was in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require C.C.E. to pay liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**ANSWER**: Defendant admits the allegations in Paragraph 8.

## THE CLAIMS

9.     Plaintiffs obtained an audit of C.C.E., which demonstrates that C.C.E. has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all the contributions on the audit for the period of March 1, 2022 through May 31, 2024. Pursuant to those agreements, C.C.E. also owes unpaid liquidated damages, discrepancies, and audit costs through May 31, 2024.

**ANSWER**: Defendant admits that Plaintiffs obtained an audit of C.C.E. and denies the remaining allegations in Paragraph 9.

10.     Pursuant to the provisions of the Labor Agreement, the Trust Agreement, and 29 U.S.C. Section 1132(g)(2)(D), C.C.E. is required to pay liquidated damages, auditor fees and attorneys' fees and court costs incurred by the Fund in the collection process.

**ANSWER**: Defendant denies the allegations in Paragraph 10.

11.     Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from C.C.E.

**ANSWER**: Defendant denies the allegations in Paragraph 11.

12. Pursuant to 29 U.S.C. Section 1 132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER**: Defendant denies the allegations in Paragraph 12.

Dated: June 19, 2026                         Respectfully submitted,

                                             **C.C.E. ENTERPRISES LLC**

                                             By: /s/ Todd A. Miller
                                             Attorney for Defendant

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on today's date, **June 19, 2026** he electronically filed the attached, **Defendant's Answer to Plaintiffs' Complaint**, with the Clerk of the Court using the CM/ECF system which will send notice of such filings to the following:

Attorneys for Plaintiffs:

Paul M. Egan
James R. Anderson
Grant R. Piechocinski
Anita Saliu
Arnold And Kadjan, LLP
35 E. Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415

/s/ Todd A. Miller

Attorneys for Defendant:

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

6